**XIAN–GUAN YE, a.k.a. Xian Guan Ye, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–0365–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and JOHN M. WALKER, JR., Circuit Judges.

### SUMMARY ORDER

Petitioner Xian–Guan Ye, a native and citizen of the People's Republic of China, seeks review of a January 2, 2008 order of the BIA, affirming the September 27, 2006 decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied his motion to reopen, and denying his motion to recon-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

sider. *In re Xian–Guan Ye,* No. A073 169 702 (B.I.A. Jan. 2, 2008), *aff'g* No. A073 169 702 (Immig. Ct. N.Y. City Sept. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Ye's untimely motion to reopen.

Ye argues that the agency erred by relying on its precedential decisions to summarily conclude that he failed to demonstrate material changed country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may

do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Ye asserts that the agency failed to accord sufficient weight to his evidence and, instead, relied excessively on a U.S. Department of State country condition report. However, we decline to find that the agency abused its discretion. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to documentary evidence lies largely within the discretion of the agency). Further, there is nothing in the agency's decisions compelling the conclusion that it failed to take into account all of Ye's evidence as we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *See Xiao Ji Chen,* 471 F.3d at 336–37 n. 17.

Finally, the agency's determination that Ye was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008). Ye waives any challenge to the BIA's denial of his motion to reconsider. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).